**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION<br><br>This document relates to: | Case No. 14-MD-01720 (JG) (JO) |
| VISA U.S.A. INC., VISA INC., and VISA INTERNATIONAL SERVICE ASSOCIATION,<br><br>  Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>  Defendant. | Case No. 13-CV-03355 (JG) (JO)<br><br>**ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
<u>**WAL-MART STORES, INC.'S MOTION TO DISMISS THE COMPLAINT**</u>

# TABLE OF CONTENTS

Page

Table of Authorities ....................................................................................................................... ii

Preliminary Statement .................................................................................................................... 1

Background ..................................................................................................................................... 2

Argument ......................................................................................................................................... 3

    I.      The Complaint Constitutes Improper Forum Shopping. ........................................ 4

    II.     The Complaint Impermissibly Seeks a Finding of Non-Liability for Past Conduct. ................................................................................................................... 7

    III.    As the True Plaintiff, Wal-Mart Should Be Allowed to Try this Case In the Forum of Its Choice. ............................................................................................... 9

    IV.    Equity Is Served By Dismissal. ............................................................................. 9

Conclusion ..................................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

BASF Corp. v. Symington,
    50 F.3d 555 (8th Cir. 1995) ............................................................................................... 9

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007) ........................................................................................................... 3

Certified Restoration Dry Cleaning Network v. Tenke Corp.,
    511 F.3d 535 (6th Cir. 2007) ........................................................................................ 6 n.1

Chicago Ins. Co. v. Holzer,
    No. 00 Civ. 1062, 2000 WL 777907 (S.D.N.Y. June.16, 2000) ....................................... 5

In re Combustible Equip. Assoc.,
    838 F.2d 35 (2d Cir. 1988) ................................................................................................ 8

Cunningham Bros., Inc. v. Bail,
    407 F.2d 1165 (7th Cir. 1969) ........................................................................................... 9

Factors Etc., Inc. v. Pro Arts, Inc.,
    579 F.2d 215 (2d Cir.1978), abrogated on other grounds by
    Pirone v. MacMillan, Inc., 894 F.2d 579 (2d Cir. 1990) .................................................. 5

Fed. Ins. Co. v. May Dep't Stores Co.,
    808 F. Supp. 347 (S.D.N.Y. 1992) ................................................................................ 4, 5

Gianni Sport Ltd. v. Metallica,
    No. 00 Civ. 0937, 2000 WL 1773511 (S.D.N.Y. Dec. 4, 2000) ........................................ 8

Harris v. Mills,
    572 F.3d 66 (2d Cir. 2009) ............................................................................................ 3-4

Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Int'l Wire Grp., Inc.,
    No. 02 Civ. 10338 (SAS), 2003 WL 21277114 (S.D.N.Y. June 2, 2003) ................ *passim*

Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.,
    626 F.3d 973 (7th Cir. 2010) ........................................................................................ 6 n.1

Sun Oil v. Transcontinental Gas Pipe Line Corp.,
    108 F.Supp. 280 (E.D. Pa.1952), aff'd, 203 F.2d 957 (3d Cir. 1953) ................................ 9

Wal-Mart Stores, Inc. v. Dukes,
    131 S. Ct. 2541 (2011)......................................................................................................10

**STATUTES & RULES**

Fed. R. Civ. P. 12(b)(6)..........................................................................................................3

Fed. R. Civ. P. 23(b)(2)..........................................................................................................2

Fed. R. Civ. P. 23(b)(3)...................................................................................................3, 10

## Preliminary Statement

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") respectfully submits that the Complaint filed by plaintiffs Visa U.S.A Inc., Visa Inc., and Visa International Service Association (collectively, "Visa") should be dismissed. Visa's Complaint, which seeks only declaratory relief barring Wal-Mart from seeking damages for Visa's past conduct, does not set forth claims that are properly adjudicated under the Declaratory Judgment Act. It constitutes improper forum shopping and impermissibly seeks declaratory relief barring claims for damages that have already accrued. Visa filed this suit seeking a declaratory judgment shortly after receiving notice of Wal-Mart's decision to opt out of Visa's class-action settlement and initiate its own suit against Visa. When such anticipatory declaratory judgment litigation is clearly motivated by a desire to preempt the true plaintiff's choice of forum, it is improper and dismissal is warranted.

To excuse its blatant forum shopping, Visa incorrectly claims this Court is the "sole venue with jurisdiction" over Wal-Mart's claims against Visa under a settlement agreement filed in 2003 in In re Visa Check/MasterMoney Antitrust Litigation, No. 1:96-cv-05238 (JG) (JO) (hereinafter "Visa Check"). (See Compl. ¶ 12). The fatal flaw in Visa's argument is that the Release contained in the Visa Check Final Order and Judgment only applies to claims that relate to conduct prior to January 1, 2004. (See Visa Check, Final Order and Judgment). Visa is not entitled to assume that an opt-out suit by Wal-Mart would raise claims that predate January 1, 2004, and would thereby implicate the Release in Visa Check. Accordingly, Visa has no basis to assert that this Court is the sole venue in which Wal-Mart may bring its claims.

Turning to the merits, the Complaint should also be dismissed because it impermissibly seeks a finding of non-liability for past conduct. Specifically, the Complaint "seeks a declaration that from January 1, 2004 to November 27, 2012, the time period for which [Wal-Mart] may, as

an opt-out, seek damages . . . Visa's conduct . . . did not violate federal antitrust law or the antitrust laws of the several States or the District of Columbia." (See Compl. ¶ 6). The Complaint does not seek any adjudication relating to Visa's current or future conduct. Claims concerning such conduct, as this Court is well aware, are limited by the settlement to which Visa has agreed and which this Court has approved over the objections of Wal-Mart and others. The Declaratory Judgment Act provides no basis for declaratory relief where, as here, only past acts are involved.

Finally, equity is served by dismissal of this declaratory judgment action. Visa's declaratory judgment strategy appears designed to discourage opt-out claims and deprive Wal-Mart and others of the normal ability of plaintiffs to choose the forum for pursuing their claims. Any legitimate purpose in furthering the coordination of opt-out cases can be accomplished by the Multidistrict Litigation panel. The Court should reject Visa's tactics.

## Background

On October 20, 2005, certain class plaintiffs filed a putative class action in this Court against Visa and Mastercard titled In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation, No. 05-MD-1720 (E.D.N.Y.) (JG) (JO) (hereinafter "Interchange Fee Litigation"). On November 27, 2012, the Court granted preliminary approval of a settlement of the Interchange Fee Litigation. (See Interchange Fee Litigation, ECF no. 1745). As part of its Preliminary Approval Order, the Court granted provisional certification of proposed Rule 23(b)(2) and Rule 23(b)(3) classes of merchants. (Id. at ¶¶ 5, 6). The Court ordered that members of the Rule 23(b)(3) class could opt out of that class by providing formal notice within 180 days. (Id. at ¶¶ 12, 16, 17).

2

KL3 2965201.1

On May 28, 2013, ten of the nineteen named class representatives and numerous absent class members – including several of the largest retailers in the United States – filed briefs in opposition to the Motion for Final Approval of the Proposed Settlement. (See, e.g., Interchange Fee Litigation, ECF no. 2670). Also on May 28, 2013, Wal-Mart provided formal notice to the settlement administrator that it opted out of the Rule 23(b)(3) cash settlement class. (See Exhibit A to the accompanying Declaration of Paul H. Schoeman).

On June 12, 2013, shortly after Wal-Mart issued its formal opt-out notice, Visa filed this Complaint. Wal-Mart was served with the Complaint on June 13, 2013. The Complaint purports to state six counts against Wal-Mart for declaratory judgment. In essence, each count seeks a declaratory judgment that Visa is not liable for the transgressions alleged in the Interchange Fee Litigation. The Complaint defines the "Damages Period" of its declaratory judgment action as spanning January 1, 2004 to November 27, 2012. (See Compl. ¶ 6).

## Argument

A complaint must be dismissed if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In light of Twombly, the Second Circuit has explained that the Court's inquiry under Rule 12(b)(6) is now guided by two principles. Harris v. Mills, 572 F.3d 66 (2d Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Id. at 71-72 (quoting Iqbal, 556 U.S. at 678). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that

3

requires the reviewing court to draw on its judicial experience and common sense.'" Id. at 72 (quoting Iqbal, 556 U.S. at 679).

## I.  The Complaint Constitutes Improper Forum Shopping.

There is no dispute that Visa filed this declaratory judgment suit shortly after receiving notice of Wal-Mart's plans to initiate its own suit against Visa. The Complaint is an improper attempt to procedurally manipulate both the forum and the action itself. See, e.g., Fed. Ins. Co. v. May Dep't Stores Co., 808 F. Supp. 347, 349 (S.D.N.Y. 1992) (dismissing declaratory judgment action where plaintiff filed complaint after receiving letter providing notice of defendant's intention to bring suit). The Complaint seeks to preempt Wal-Mart from litigating its affirmative claims against Visa in the forum of Wal-Mart's choice. When such anticipatory declaratory judgment litigation appears to have been motivated by forum shopping, dismissal of the declaratory judgment action is warranted. Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. Int'l Wire Grp., Inc., No. 02 Civ. 10338 (SAS), 2003 WL 21277114, at *6 (S.D.N.Y. June 2, 2003); Fed. Ins. Co., 808 F. Supp. at 349-50.

First, the Court need not exercise jurisdiction over Visa's declaratory judgment Complaint at all. "The Supreme Court has described the [Declaratory Judgment Act] as creating 'an opportunity, rather than a duty, to grant a new form of relief.'" Nat'l Union, 2003 WL 21277114, at *4 (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995)); see also Fed. Ins. Co., 808 F. Supp. at 349 ("The Declaratory Judgment Act provides that a court of the United States 'may' declare the rights and other legal relations of any interested party seeking such a declaration."); id. ("The Court must look at the litigation situation as a whole in determining whether it is appropriate for the Court to exercise its jurisdiction over the declaratory judgment action before it.") (citing Great Am. Ins. Co. v. Houston Gen. Ins. Co., 735 F. Supp. 581, 585

4

(S.D.N.Y. 1990)). Because this case is an unnecessary attempt to preempt Wal-Mart's substantive claims against Visa, the Court may (and should) decline to entertain Visa's Complaint.

Second, the Court should dismiss a declaratory judgment action if the action constitutes forum shopping under the circumstances. A paradigmatic example of conduct that falls within this exception to the first-filed rule "occurs when a party files suit seeking a declaratory judgment immediately after receiving notice of planned suit from the other party." Fed. Ins. Co., 808 F. Supp. at 350. As the Federal Insurance Co. court explained:

> The Declaratory Judgment Act was not designed to countenance such procedural manipulation of forums and actions. In fact, the misuse of the Declaratory Judgment Act to gain a procedural advantage and preempt the forum choice of the plaintiff in the coercive action militates in favor of dismissing the declaratory judgment action . . . . Further, in a declaratory judgment action, which is the first filed action, a notice letter is a factor weighing in favor of permitting the second action to take priority.

Id. (internal citations and quotation marks omitted).

When an anticipatory declaratory judgment suit appears to have been motivated by forum shopping, dismissal of the declaratory judgment action is warranted. Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 219 (2d Cir.1978) (holding that "apparent anticipation" of litigation is an "equitable consideration" that may "factor in the decision to allow the later filed action to proceed to judgment in the plaintiffs' chosen forum"), abrogated on other grounds by Pirone v. MacMillan, Inc., 894 F.2d 579, 585-86 (2d Cir. 1990); Chicago Ins. Co. v. Holzer, No. 00 Civ. 1062, 2000 WL 777907, at *2 (S.D.N.Y. June.16, 2000) ("[A]nticipatory conduct" is presumed where the filing of a declaratory judgment action is "triggered by a notice letter."); Fed. Ins. Co., 808 F.Supp. at 350 (noting that the filing of an anticipatory declaratory judgment action after notice of a coercive suit has been received leads to an inference of forum shopping); Nat'l

5

Union, 2003 WL 21277114, at *6 ("Courts in the Second Circuit have repeatedly refused to exercise jurisdiction over declaratory actions motivated by a desire to wrest the choice of forum from the real plaintiff."); see also id. ("Because National Union used the [Declaratory Judgment Act] to gain a procedural advantage and preempt the forum choice of the plaintiff to the coercive action, dismissal is warranted here.") (internal citation and quotation marks omitted).[1]

In this case, there is no dispute that Visa's declaratory judgment action is anticipatory. Visa received formal notice of Wal-Mart's planned opt-out suit when it learned that Wal-Mart had submitted its request to opt out on May 28, 2013. Visa responded by filing its declaratory judgment action shortly thereafter, on June 12, 2013. This suit is an anticipatory declaratory judgment action that seeks to prevent Wal-Mart from litigating in the forum of its choice.

Apparently recognizing this problem, Visa asserts that this Court is the "sole venue with jurisdiction" over Wal-Mart's claims against Visa under a Settlement Agreement filed in 2003 in Visa Check. (See Compl. ¶ 12). Specifically, Visa alleges that under the Visa Check Settlement Agreement, this Court "'retains exclusive jurisdiction' over 'any suit, action, proceeding or dispute arising out of or relating to [the Visa Check] Order and Final Judgment, the Settlement Agreement or the applicability of the Settlement Agreement and exhibits thereto' including, but not limited to, any suit that asserts the Visa Check settlement release 'as a defense in whole or in part . . . or otherwise raise[s] [it] as an objection.'" (Id.) Visa asserts that only this Court may decide "whether the Visa Check settlement bars Wal-Mart's opt-out claims in the Interchange

---

[1] This result is seen consistently in courts across the country. See, e.g., Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d 973, 980 (7th Cir. 2010) (stating "where the parallel cases involve a declaratory judgment action and a mirror-image action seeking coercive relief – we ordinarily give priority to the coercive action, regardless of which case was filed first"); Certified Restoration Dry Cleaning Network v. Tenke Corp., 511 F.3d 535, 551-52 (6th Cir. 2007) ("[T]he first-filed rule is not a strict rule and much more often than not gives way in the context of a coercive action filed subsequent to a declaratory judgment. . . . [A] first filed declaratory judgment action should be dismissed or stayed in favor of the substantive suit.") (citing AmSouth Bank v. Dale, 386 F.3d 763, 791 n.8 (6th Cir. 2004).

Fee Litigation, as Visa alleges." (Id. (quoting Visa Check, Final Order and Judgment ¶ 16)). Visa further alleges that "[b]ecause [it] is seeking a declaration that Wal-Mart's state and federal antitrust claims are barred by the Visa Check settlement release, whether the Visa Check settlement now bars Wal-Mart's opt-out claims is squarely within the ambit of its continuing and exclusive jurisdiction provision." (Id. at ¶ 14). Visa is wrong.

The fatal flaw in Visa's argument is that the Release contained in the Visa Check Final Order and Judgment only applies to claims that relate to conduct **prior** to January 1, 2004:

> [T]he Released Parties shall be released and forever discharged from all manner of claims ... against the Released Parties ... that any Releasing Party ever had, now has or hereafter can, shall or may have, relating in any way to any conduct **prior to January 1, 2004** concerning any claims alleged in the Complaint or any of the complaints consolidated therein, including, without limitation, *claims which have been asserted or could have been asserted in this litigation which arise under or relate to any federal or state antitrust, unfair competition, unfair practices, or other law or regulation or common low, including, without limitation, The Sherman Act,* 15 U.S.C. section 1, et seq.

See Visa Check, Final Order and Judgment (emphasis added).

Visa *assumes* that an opt-out suit by Wal-Mart will raise claims that pre-date January 1, 2004, and will thereby implicate the release in the Visa Check lawsuit that was settled in 2003. However, Wal-Mart has in no way indicated it will raise claims that pre-date January 1, 2004 in its opt-out complaint. Indeed, Wal-Mart intends to file an opt-out complaint against Visa in the United States District Court for the Western District of Arkansas that makes no claim for damages from the time period prior to January 1, 2004. Visa's Complaint should be dismissed.

## II. The Complaint Impermissibly Seeks a Finding of Non-Liability for Past Conduct.

The Complaint should be dismissed for the independent reason that it impermissibly seeks a finding of non-liability for past conduct. Specifically, the Complaint "seeks a declaration

that from January 1, 2004 to November 27, 2012, the time period for which [Wal-Mart] may, as an opt-out, seek damages . . . Visa's conduct . . . did not violate federal antitrust law or the antitrust laws of the several States or the District of Columbia." See Complaint, ¶ 6. The Complaint explicitly defines the period from January 1, 2004 to November 27, 2012 as the "Damages Period." Id. Put simply, the entire Complaint is based on allegations of past conduct.

But the Declaratory Judgment Act "is intended to operate prospectively. There is no basis for declaratory relief where only past acts are involved." Nat'l Union, 2003 WL 21277114, at *4-5 (citing Gianni Sport Ltd. v. Metallica, No. 00 Civ. 0937, 2000 WL 1773511, at *4 (S.D.N.Y. Dec. 4, 2000)). Declaratory judgment actions should be dismissed when they seek a declaration of non-liability for past acts and "[a]ny damages that are due have already accrued." Gianni, 2000 WL 1773511, at *4. This is so because "[t]he fundamental purpose of the DJA is to 'avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage has accrued.'" Nat'l Union, 2003 WL 21277114, at *4 (quoting Luckenbach Steamship Co. v. United States, 312 F.2d 545, 548 (2d Cir. 1963)); see also In re Combustible Equip. Assoc., 838 F.2d 35, 37 (2d Cir. 1988) ("The purpose of the [DJA] is to enable parties to adjudicate claims *before* either side suffers great damages.") (emphasis added).

Anticipatory judgments of non-liability may be appropriate in limited circumstances "where there are 'claims asserting unaccrued or undefined rights or obligations arising under contractual relations such as insurance and intellectual property.'" Natl' Union, 2003 WL 21277114, at *5 (quoting Dow Jones & Co., Inc. v. Harrods, Ltd., 237 F. Supp. 2d 394, 426 (S.D.N.Y. 2002)). "However, where the purported use of the DJA seeks a declaration of non-liability to preemptively defeat actions grounded on tort claims involving rights already accrued

8

by reason of alleged wrongful conduct, various courts have held that [such an] application is not a warranted purpose of the DJA." Id.; see also Cunningham Bros., Inc. v. Bail, 407 F.2d 1165, 1167-68 (7th Cir. 1969); BASF Corp. v. Symington, 50 F.3d 555, 559 (8th Cir. 1995); Sun Oil v. Transcontinental Gas Pipe Line Corp., 108 F.Supp. 280, 282 (E.D. Pa.1952) (holding that a declaratory action should not be entertained when it is initiated by a prospective or actual defendant in a tort action), aff'd, 203 F.2d 957 (3d Cir. 1953).

In this case, Visa's Complaint only seeks a finding of non-liability for past conduct causing damages that have already accrued. (See Compl. ¶ 6.) The Complaint should be dismissed.

### III. As the True Plaintiff, Wal-Mart Should Be Allowed to Try this Case In the Forum of Its Choice.

The fact that this declaratory judgment action was filed before Wal-Mart's filed its opt-out complaint is of no consequence. There is no requirement that Wal-Mart's opt-out suit be filed before Wal-Mart may seek dismissal of Visa's Complaint for Declaratory Judgment. See Federal Ins. Co., 808 F. Supp. at 350 ("Plaintiff vigorously argues that [defendant]'s failure to commence an action in some other jurisdiction precludes disposition of its motion in its favor. This argument is without merit. By bringing an anticipatory declaratory judgment action, [plaintiff]… deprived [defendant] of its choice of forum.").

The same result reached in Federal Ins. Co. should obtain here. Wal-Mart should be allowed to litigate its claims in the forum of its choosing – the Western District of Arkansas.

### IV. Equity Is Served By Dismissal.

The equities support dismissal of this declaratory judgment action. Wal-Mart has already been permitted by this Court to opt out of the Rule 23(b)(3) class in the underlying class action, as is required by due process. Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2559 (2011) ("In

9

the context of a class action predominantly for money damages we have held that absence of notice and opt-out violates due process."). By filing its declaratory judgment actions, Visa clearly sought to discourage opt-out claims and deprive Wal-Mart and others of the normal right that plaintiffs have to choose the forum in which to pursue their claims. Any legitimate interest that Visa might have in coordinating opt-out cases in a single district is properly addressed through the multidistrict litigation process. Visa's improper effort to choose the forum for the trial of Wal-Mart's claims should be rejected.

## Conclusion

Visa's Complaint should be dismissed. The Complaint constitutes blatant forum shopping based on an erroneous factual assumption. Visa filed this declaratory judgment action almost immediately after receiving notice of Wal-Mart's decision to opt out and initiate its own suit against Visa. When such anticipatory declaratory judgment litigation appears to have been motivated by forum shopping, dismissal of the declaratory judgment action is warranted. Visa's assumption that the Eastern District of New York is the only appropriate forum for this dispute is unfounded and should be rejected. Moreover, the Complaint should be dismissed because it impermissibly seeks a finding of non-liability for past conduct. The Declaratory Judgment Act provides no basis for declaratory relief where only past acts are involved. Finally, the Complaint

should be dismissed because Visa's strategy of manipulating the forum of Wal-Mart's opt-out complaint is inequitable.

Dated: New York, New York
　　　 March 13, 2014

DOWD BENNETT LLP

By:　/s/ James F. Bennett　　　　　
James F. Bennett
John D. Comerford
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri  63105
(314) 889-7300 (telephone)
(314) 863-2111  (facsimile)
jbennett@dowdbennett.com
jcomerford@dowdbennett.com

Paul H. Schoeman
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York  10036
(212) 715-9264 (telephone)
(212) 715-8064 (facsimile)
pschoeman@kramerlevin.com

*Attorneys for Defendant Wal-Mart Stores, Inc.*