**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**IN RE PAYMENT CARD**
**INTERCHANGE FEE AND MERCHANT**
**DISCOUNT ANTITRUST LITIGATION**

**Case No. 14-MD-01720 (JG) (JO)**

**This Document Applies to:**

**All Opt-Out Cases.**

**ORAL ARGUMENT REQUESTED**

**VISA DEFENDANTS' MEMORANDUM IN SUPPORT OF**
**THEIR MOTION TO DISMISS THE WAL-MART OPT-OUT COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants Visa Inc., Visa U.S.A. Inc., and Visa International Service Association (the "Visa Defendants"), submit this memorandum in support of their motion to dismiss the claims of the plaintiffs ("Wal-Mart") in the First Amended Complaint and Demand for Jury Trial in *Wal-Mart Stores, Inc., et al. v. Visa U.S.A. Inc., et al.*, No. 14-cv-02318 (E.D.N.Y.) (JG) (JO).  Those claims should be dismissed for the same reasons already briefed with respect to the claims of the other opt-out plaintiffs.

Defendants previously filed a motion to dismiss on March 13, 2014, which sought an order dismissing every opt-out complaint before the Court.  *See* Docket #20.  Wal-Mart filed a complaint against the Visa Defendants on March 25, 2014, but did not serve the Visa Defendants.  *See* No. 14-cv-02318, Docket #1.  The Judicial Panel on Multidistrict Litigation transferred Wal-Mart's action to MDL 1720 in this Court on April 11, 2014.  *See id.*, Docket ##11-12.  Wal-Mart then filed an amended complaint on June 13, 2014, which was served on the Visa Defendants on June 18, 2014.  *See* No. 14-md-01720, Docket #82 (the "*Wal-Mart* Am. Compl.") and ##88-90.[1]

Wal-Mart's amended complaint, like the other opt-out complaints, challenges Visa's "default interchange," "honor all cards," "no surcharge," "no discount," and other payment acceptance rules.  *See*, *e.g.*, *Wal-Mart* Am. Compl. ¶¶ 43-50, 89-93.  Like the other opt-outs, Wal-Mart advances the theory that those network rules inflated interchange fees, and thereby the fees that merchants paid for accepting consumers' Visa card payments, in violation of Sherman Act §§ 1-2 and state antitrust or unfair competition statutes.  *See id.* ¶¶ 123-91.

---

[1]  Wal-Mart's amended complaint also added as defendants two entities — Visa Europe Limited and Visa Europe Services Inc. — not previously sued in any of the opt-out actions.  The Visa Defendants understand that those entities will respond separately to Wal-Mart's amended complaint.

Wal-Mart's amended complaint accordingly should be dismissed for the same reasons already briefed with respect to the complaints of the other opt-out plaintiffs:

- Wal-Mart's claims are barred by the class settlement releases in *In re Visa Check/MasterMoney Antitrust Litigation*, 96-cv-05238 (E.D.N.Y.) (JG) (JO).

- Wal-Mart's claims are barred by *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), because Wal-Mart claims damages based on interchange fees and cannot allege facts showing that it paid interchange fees directly to card-issuing banks.

- Wal-Mart's Sherman Act § 1 claims based on default interchange rules should be dismissed under *Buffalo Broadcasting Co. v. ASCAP*, 744 F.2d 917 (2d Cir. 1984), and related cases, since Wal-Mart does not allege facts showing that those rules impair the freedom of banks to establish interchange fees.

- Wal-Mart's claims under Sherman Act § 1 should be dismissed for the period after the Visa IPO because that IPO eliminated the basis for any claimed "structural" conspiracy, and Wal-Mart does not allege facts that could show banks conspired with Visa to determine its challenged network rules after the IPO.

- Wal-Mart's claims based on debit interchange fees are barred for the period after those fees became subject to federal regulations promulgated under the Dodd-Frank Wall Street Reform and Consumer Protection Act, 15 U.S.C. § 1693o-2.

*See generally* No. 14-md-01720, Docket #21 (03/13/2014 Defendants' Memorandum in Support of Their Motion to Dismiss the Opt-Out Complaints), and Docket #77 (06/06/2014 Defendants' Reply Memorandum in Support of Their Motion to Dismiss the Opt-Out Complaints).

<u>**CONCLUSION**</u>

For the foregoing reasons, the Visa Defendants respectfully request that the Court enter an order dismissing the opt-out claims against them in Wal-Mart's amended complaint with prejudice.

Dated:  June 26, 2014.

Respectfully submitted,

**ARNOLD & PORTER LLP**

By:  /s/ Robert C. Mason
        Robert C. Mason
        399 Park Avenue
        New York, NY   10022
        (212) 715-1000
        robert.mason@aporter.com

        Robert J. Vizas
        Three Embarcadero Center, 10th Floor
        San Francisco, CA   94111

        Mark R. Merley
        Matthew A. Eisenstein
        555 12th Street, NW
        Washington, DC   20004

**HOLWELL SHUSTER & GOLDBERG LLP**

        Richard J. Holwell
        Michael S. Shuster
        Demian A. Ordway
        Zachary A. Kerner
        125 Broad Street, 39th Floor
        New York, NY   10004
        (646) 837-5151
        mshuster@hsgllp.com

        *Counsel for Defendants Visa Inc., Visa U.S.A.*
        *Inc., and Visa International Service Association*