**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PAYMENT CARD INTERCHANGE FEE AND MERCHANT DISCOUNT ANTITRUST LITIGATION<br><br>This document relates to: | Case No.  14-MD-01720 (JG) (JO) |
| VISA U.S.A. INC., VISA INC., and VISA INTERNATIONAL SERVICE ASSOCIATION,<br><br>      Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>      Defendant. | Case No.  13-CV-03355 (JG) (JO)<br><br>**<u>JURY TRIAL DEMANDED</u>** |

**<u>ANSWER OF DEFENDANT WAL-MART STORES, INC.</u>**
**<u>TO VISA'S COMPLAINT FOR DECLARATORY JUDGMENT</u>**

Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), by and through counsel, hereby submits its Answer to the Complaint for Declaratory Judgment of Plaintiffs Visa U.S.A. Inc., Visa Inc., and Visa International Service Association (collectively "Visa").

## "NATURE OF THE ACTION"

1. Wal-Mart admits Visa purports to bring this action under 28 U.S.C. § 2201. Except as expressly admitted herein, Wal-Mart denies the remaining allegations and legal conclusions set forth in paragraph 1.

2. Wal-Mart admits it opted out of the proposed *Interchange Fee Litigation* settlement. Wal-Mart also admits it possessed the intent to bring a lawsuit against Visa alleging violations of the antitrust laws, and it did so in 2014. Except as expressly admitted herein, Wal-Mart denies the remaining allegations and legal conclusions set forth in paragraph 2.

3. Denied.

4. Wal-Mart admits Visa "has maintained, and continues to maintain, that Wal-Mart's claims lack merit." Wal-Mart further admits it negotiated with Visa regarding Interchange Fees and admits some default Interchange Fees did not apply to credit and debit card transactions at Wal-Mart locations. Further answering, Wal-Mart states that Visa has breached a confidentiality agreement between the parties in stating in the publicly-filed Complaint that Wal-Mart pays non-default, negotiated interchange rates. Except as expressly admitted herein, Wal-Mart denies the remaining allegations, characterizations and legal conclusions set forth in paragraph 4.

5. Denied.

6. Wal-Mart admits Visa seeks a declaration and refers to the complaint for its complete contents.  Except as expressly admitted herein, Wal-Mart denies the remaining allegations and legal conclusions set forth in paragraph 6.

7. Denied.

## "JURISDICTION AND VENUE"

8. To the extent an answer to paragraph 8 is required, Wal-Mart admits Visa purports to invoke jurisdiction under 28 U.S.C. § 2201(a) and 28 U.S.C. §§ 1331, 1337, 2201, 2202 and 1367.  Wal-Mart denies the remaining allegations of paragraph 8 as stating legal conclusions.

9. Wal-Mart admits it opted out of the proposed Interchange Settlement and has made clear its intention to sue Visa for antitrust damages.  Except as expressly admitted herein, Wal-Mart denies the remaining allegations and legal conclusions set forth in paragraph 9.

10. Wal-Mart admits it transacts business in New York.  Wal-Mart denies the remaining allegations of paragraph 10 as stating legal conclusions.  The fact Wal-Mart sued Visa in this District in the past is of no relevance and Wal-Mart denies Visa's allegations that are based on that fact.

11. Wal-Mart admits Visa purports to invoke venue under 28 U.S.C. § 1391 and 15 U.S.C. § 22.  Wal-Mart denies Visa has been harmed in this district or elsewhere.  Wal-Mart denies the remaining allegations of paragraph 11 as stating legal conclusions.

12. Denied.  Further answering, Judge Gleeson's Order and Final Judgment approving the *Visa Check* settlement speaks for itself and Wal-Mart denies Visa's characterizations of this Court's Order.

13.     The *Visa Check* settlement agreement speaks for itself and Wal-Mart denies Visa's characterizations of that document.  Wal-Mart specifically denies the allegation the *Visa Check* release requires Wal-Mart's present claims against Visa to be litigated only in this Court.

14.     Wal-Mart denies the allegations of paragraph 14 as stating legal conclusions.

## "PARTIES"

15.     Wal-Mart admits Visa holds itself out as "a global payments technology company that enables consumers, businesses, financial institutions, and governments to use electronic payments instead of cash and checks, and has built one of the world's most advanced processing networks."  Wal-Mart lacks knowledge sufficient to admit or deny the remaining allegations of paragraph 15.

16.     Wal-Mart admits it is a Delaware corporation with its principal place of business in Bentonville, Arkansas.  Wal-Mart states that the 1999 *Visa Check* complaint cited by Visa in this paragraph speaks for itself and Wal-Mart refers to it for its complete contents and denies any allegations inconsistent with that document.  Wal-Mart admits that in its Form 10-Q dated April 30, 2013, it reported global net sales for the quarterly period ended April 30, 2013 (the first quarter of Wal-Mart's fiscal year 2014) of approximately $113.4 billion.  Wal-Mart admits that in its Form 10-K dated March 21, 2013, it reported global net sales for the fiscal year ended January 31, 2013 (Wal-Mart's fiscal year 2013) of approximately $466 billion.  Wal-Mart further admits it accepts Visa credit and debit cards at its stores.  Wal-Mart further admits Sam's Club did not accept Visa credit and debit cards for all transactions at its stores.  Wal-Mart denies Visa credit cards were not accepted in Sam's Club at all times during the Damages Period.  Except as expressly admitted herein, Wal-Mart denies the remaining allegations and legal conclusions set forth in paragraph 16.

3

## **"FACTUAL ALLEGATIONS"**

17.     Admitted, except Wal-Mart denies the allegation the transfer of data and funds on the Visa network is limited to "merchant acquirers" and credit card issuing banks. Specifically, Wal-Mart had, during the Damages Period, a piece of equipment called the MDEX (Merchant Direct exchange) which allowed Wal-Mart to send transactions directly to Visa for authorization.

18.     Admitted.

19.     Admitted.

20.     Admitted, except Wal-Mart denies the allegation the transfer of data and funds on the Visa network is limited to "merchant acquirers" and credit card issuing banks. Specifically, Wal-Mart had, during the Damages Period, a piece of equipment called the MDEX (Merchant Direct exchange) which allowed Wal-Mart to send transactions directly to Visa for authorization.

21.     Admitted.

22.     Wal-Mart admits "Visa establishes its own set of rules" but denies the allegation Visa's rules are designed to benefit all participants.  Wal-Mart admits Visa established honor-all-cards rules but denies the allegation the honor-all-cards rules "have played a key role in the efficient functioning" of the Visa payment service network.  Wal-Mart admits "without the honor all cards rules, merchants could pick and choose which Visa credit or debit cards to accept" but denies the allegation this would cause confusion and diminish the Visa brand.  Except as expressly admitted herein, Wal-Mart denies the remaining allegations, characterizations and legal conclusions set forth in paragraph 22.

23.     In answer to the allegations of paragraph 23, Wal-Mart refers to the cited documents for their complete contents and denies Visa's characterization of them.

24. Denied. Further answering, Wal-Mart states that Visa has breached a confidentiality agreement between the parties in stating in the publicly-filed Complaint that Wal-Mart pays non-default, negotiated interchange rates.

25. Denied.

26. Wal-Mart denies the allegations of paragraph 26 as stating legal conclusions and refers to the decisions cited therein for their complete contents.

27. Denied.

28. Wal-Mart admits Visa has established Merchant Rules. Further answering, Wal-Mart refers to the Merchant Rules for their complete contents and denies any allegations inconsistent with them.

29. Denied.

30. Denied.

31. Denied.

32. Denied. Further answering, Wal-Mart denies the allegations of paragraph 32 as stating legal conclusions and refers to the cited decisions for their complete contents.

33. Denied.

34. Denied.

35. Wal-Mart admits it is the nation's largest merchant. Further answering, Wal-Mart states that Visa has breached a confidentiality agreement between the parties in stating in the publicly-filed Complaint that Wal-Mart pays non-default, negotiated interchange rates. Except as expressly admitted herein, Wal-Mart denies the remaining allegations, characterizations and legal conclusions set forth in paragraph 35.

36. Denied. Further answering, Wal-Mart denies the allegations of paragraph 36 as stating legal conclusions.

37. Denied.

38. Denied.

39. Wal-Mart admits Visa maintained its own schedule of default Interchange Fees during the Damages Period. Wal-Mart denies that Interchange Fees were collected from acquiring customers. Wal-Mart lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 39 and therefore denies same.

40. Wal-Mart denies that Interchange Fees were "paid by the acquiring bank." Wal-Mart lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 40 and therefore denies same.

41. Denied as to Wal-Mart. Wal-Mart lacks knowledge or information sufficient to admit or deny the allegations of paragraph 41 regarding the alleged arrangements between other merchants and merchant acquirers.

42. Wal-Mart lacks knowledge or information sufficient to admit or deny the allegations of paragraph 42 and therefore denies same.

43. Denied as to Wal-Mart. Wal-Mart lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 43 and therefore denies same.

44. Wal-Mart lacks knowledge or information sufficient to admit or deny the allegations of paragraph 44 as they relate to "merchants such as Wal-Mart" and therefore denies same. Wal-Mart denies the allegations of paragraph 44 as to Wal-Mart.

45. Denied.

46. Denied.

47. Denied.

48. Wal-Mart admits it accepts various forms of payment and the forms of payment that are accepted vary within the Wal-Mart portfolio of retail or membership banners. Wal-Mart lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 48 and therefore denies same.

49. Wal-Mart lacks knowledge or information sufficient to admit or deny the allegations of paragraph 49 and therefore denies same.

50. Wal-Mart lacks knowledge or information sufficient to admit or deny the allegations of paragraph 50 and therefore denies same. Further answering, the Visa Rules speak for themselves and Wal-Mart denies Visa's characterizations of the Visa Rules.

51. Wal-Mart admits that as a result of the *Visa Check* settlement, Visa was no longer allowed to tie debit card acceptance to credit card acceptance. Wal-Mart lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 51 and therefore denies same. Further answering, the Visa Rules speak for themselves and Wal-Mart denies Visa's characterizations of the Visa Rules.

52. Wal-Mart admits that for many years Visa has prohibited merchants from applying surcharges to Visa card transactions. Wal-Mart lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 52 and therefore denies same. Further answering, the Visa Rules speak for themselves and Wal-Mart denies Visa's characterizations of the Visa Rules.

53. Wal-Mart lacks knowledge or information sufficient to admit or deny the allegations of paragraph 53 and therefore denies same. Further answering, the Visa Rules and

the Dodd-Frank Wall Street Reform and Consumer Protection Act speak for themselves and Wal-Mart denies Visa's characterizations of the Visa Rules.

54. Wal-Mart lacks knowledge or information sufficient to admit or deny the allegations of paragraph 54 and therefore denies same. Further answering, the Visa Rules and the consent decree Visa entered into with the U.S. Department of Justice to resolve *United States of America, et al. v. American Express Company, et al.* (No. CV-10-4496 E.D.N.Y.) speak for themselves and Wal-Mart denies Visa's characterizations of the Visa Rules.

55. Denied.

56. Denied.

57. Wal-Mart lacks knowledge or information sufficient to admit or deny the allegations of paragraph 57 and therefore denies same.

58. Wal-Mart lacks knowledge or information sufficient to admit or deny the allegations of paragraph 58 and therefore denies same.

59. Wal-Mart lacks knowledge or information sufficient to admit or deny the allegations of paragraph 59 and therefore denies same.

60. Wal-Mart lacks knowledge or information sufficient to admit or deny the allegations of paragraph 60 and therefore denies same. Further answering, the Amended Visa S-1 speaks for itself and Wal-Mart denies Visa's characterizations of that document. Further answering, Wal-Mart denies the allegations of paragraph 60 as stating legal conclusions.

61. Wal-Mart lacks knowledge or information sufficient to admit or deny the allegations of paragraph 61 and therefore denies same. Further answering, Wal-Mart denies the allegations of paragraph 61 as stating legal conclusions.

KL3 2989332.1

62. Wal-Mart lacks knowledge or information sufficient to admit or deny the allegations of paragraph 62 and therefore denies same.  Further answering, Wal-Mart denies the allegations of paragraph 62 as stating legal conclusions.

63. Wal-Mart lacks knowledge or information sufficient to admit or deny the allegations of paragraph 63 and therefore denies same.  Further answering, Wal-Mart denies the allegations of paragraph 63 as stating legal conclusions.

64. Wal-Mart lacks knowledge or information sufficient to admit or deny the allegations of paragraph 64 and therefore denies same.  Further answering, Wal-Mart denies the allegations of paragraph 64 as stating legal conclusions.

65. Wal-Mart specifically denies the allegation Visa's activities were lawful and pro-competitive.  Further answering, Wal-Mart denies the remaining allegations of paragraph 60 as stating legal conclusions.

66. Wal-Mart lacks knowledge or information sufficient to admit or deny the allegations of paragraph 66 and therefore denies same.  Further answering, Wal-Mart denies the allegations of paragraph 66 as stating legal conclusions.

67. Wal-Mart lacks knowledge or information sufficient to admit or deny the allegations of paragraph 67 and therefore denies same.  Further answering, Wal-Mart denies the allegations of paragraph 67 as stating legal conclusions.

68. Denied.

69. Wal-Mart specifically denies the allegation Visa's activities were lawful and pro-competitive.  Further answering, Wal-Mart lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 69 and therefore denies same.

70. Denied.

9

71. Denied.

72. Denied.

73. Wal-Mart specifically denies the allegation Visa "does not have the power to restrict output." Further answering, Wal-Mart lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 73 and therefore denies same.

74. Wal-Mart lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 74 and therefore denies same.

75. Denied.

76. Denied. Further answering, the documents cited in paragraph 76 speak for themselves and Wal-Mart denies Visa's characterizations of those pleadings.

77. The documents cited in paragraph 77 speak for themselves and Wal-Mart denies Visa's characterizations of those pleadings.

78. The documents cited in paragraph 78 speak for themselves and Wal-Mart denies Visa's characterizations of those pleadings.

79. The documents cited in paragraph 79 speak for themselves and Wal-Mart denies Visa's characterizations of those pleadings.

80. The allegations of paragraph 80 constitute legal conclusions to which no response is required. To the extent a response is required, Wal-Mart admits the allegation of paragraph 80.

## COUNT I
### "(Declaratory Judgment – Section 1 of the Sherman Act)"

81. Wal-Mart restates and incorporates by reference its answers to the allegations contained in paragraphs 1 – 80 of Visa's Complaint as if set forth fully herein.

82. Denied.

10

83. Denied.

84. Paragraph 84 is a request for relief to which no response is required. To the extent a response is required, Wal-Mart denies the allegations of this paragraph.

## COUNT II
### "(Declaratory Judgment Regarding Visa's IPO)"

85. Wal-Mart restates and incorporates by reference its answers to the allegations contained in paragraphs 1 – 80 of Visa's Complaint as if set forth fully herein.

86. Denied.

87. Denied.

88. Paragraph 88 is a request for relief to which no response is required. To the extent a response is required, Wal-Mart denies the allegations of this paragraph.

## COUNT III
### "(Declaratory Judgment – Section 2 of the Sherman Act)"

89. Wal-Mart restates and incorporates by reference its answers to the allegations contained in paragraphs 1 – 80 of Visa's Complaint as if set forth fully herein.

90. Denied.

91. Denied.

92. Paragraph 92 is a request for relief to which no response is required. To the extent a response is required, Wal-Mart denies the allegations of this paragraph.

## COUNT IV
### "(Declaratory Judgment – *Illinois Brick*)"

93. Wal-Mart restates and incorporates by reference its answers to the allegations contained in paragraphs 1 – 80 of Visa's Complaint as if set forth fully herein.

94. Denied.

95. Denied.

KL3 2989332.1

96. Paragraph 96 is a request for relief to which no response is required. To the extent a response is required, Wal-Mart denies the allegations of this paragraph.

## COUNT V
## "(Declaratory Judgment – *Visa Check* Release)"

97. Wal-Mart restates and incorporates by reference its answers to the allegations contained in paragraphs 1 – 80 of Visa's Complaint as if set forth fully herein.

98. Denied.

99. Denied.

100. Paragraph 100 is a request for relief to which no response is required. To the extent a response is required, Wal-Mart denies the allegations of this paragraph.

## COUNT VI
## "(Declaratory Judgment – State Antitrust Claims)"

101. Wal-Mart restates and incorporates by reference its answers to the allegations contained in paragraphs 1 – 80 of Visa's Complaint as if set forth fully herein.

102. Denied.

103. Denied.

104. Paragraph 104 is a request for relief to which no response is required. To the extent a response is required, Wal-Mart denies the allegations of this paragraph.

WHEREFORE, Wal-Mart requests the Court dismiss Visa's Complaint with prejudice at the cost of Visa and grant such other and further relief as this Court may deem just and proper.

## DEFENSES

Without waiving its right to assert or rely upon such additional defenses and affirmative defenses as may become available or apparent during the course of discovery, Wal-Mart states:

KL3 2989332.1

1. Wal-Mart denies each and every allegation in the Complaint for Declaratory Judgment not expressly admitted, including any and all headings and captions.

2. The Complaint fails to state a claim against Wal-Mart upon which relief can be granted.

3. The monetary relief sought by Visa, including but not limited to costs of suit and attorneys' fees, is not recoverable because Visa has failed to mitigate its damages and seeks an unnecessary and useless declaration in light of Wal-Mart's First Amended Complaint and Demand for Jury Trial, Case 1:14-cv-02318-JG-JO, ECF #15, Case 1:14-md-01720-JG-JO, ECF #82.

4. The Complaint is barred by the doctrine of laches, waiver, estoppel, unjust enrichment, and/or unclean hands in that Visa has violated the antitrust laws of the United States and the laws of the several States or the District of Columbia, as more fully described in Wal-Mart's First Amended Complaint and Demand for Jury Trial, Case 1:14-cv-02318-JG-JO, ECF #15, Case 1:14-md-01720-JG-JO, ECF #82.

5. The Complaint constitutes an improper use of the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

6. Wal-Mart fully incorporates the allegations of its First Amended Complaint and Demand for Jury Trial, Case 1:14-cv-02318-JG-JO, ECF #15, Case 1:14-md-01720-JG-JO, ECF #82, into these defenses.

7. The appropriate forum for the trial of the claims asserted in Wal-Mart's First Amended Complaint is the United States District Court for the Western District of Arkansas.

8. Wal-Mart gives notice it intends to rely upon such other defenses as may become available or apparent during the course of discovery and reserves the right to amend its answer to assert those defenses.

WHEREFORE Wal-Mart requests the Court dismiss Visa's Complaint for Declaratory Judgment with prejudice at the cost of Visa and grant such other and further relief as this Court may deem just and proper.

Dated: New York, New York
September 30, 2014

DOWD BENNETT LLP
By:    /s/ James F. Bennett    .
James F. Bennett
John D. Comerford
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
(314) 889-7300 (telephone)
(314) 863-2111 (facsimile)
jbennett@dowdbennett.com
jcomerford@dowdbennett.com

Paul H. Schoeman
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9264 (telephone)
(212) 715-8064 (facsimile)
pschoeman@kramerlevin.com

*Attorneys for Defendant Wal-Mart Stores, Inc.*