UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

In re PAYMENT CARD INTERCHANGE
FEE AND MERCHANT DISCOUNT
ANTITRUST LITIGATION

This Document Relates To:

    All Actions.

Civil No. 14-MD-01720(JG)(JO)

JOINT CASE STATUS REPORT

---

The parties in the above-captioned matters submit this Joint Case Status Report in advance of the status conference currently scheduled for November 18, 2014.

## I. Pending motions

1. Defendants' motions to dismiss in *Salveson*, 14-CV-03529 (DE #38, filed Mar. 28, 2014; DE ##48, 49, filed May 8, 2014). The motions have been fully briefed and argued.

## II. Discovery plan and case schedule

The Court entered the parties' proposed discovery plan and case schedule on October 29, 2014. Pursuant to that schedule, the parties exchanged targeted and general discovery requests on October 15, 2014. Written responses to the document requests are due on December 15, 2014, after which the parties will meet and confer to discuss search terms, custodians, review methodology and other issues regarding the discovery requests. The parties are in the process of negotiating an ESI agreement.

**III.    Defendants' production of previously-produced materials**

  **A. Opt-out plaintiffs' position**

The opt-out plaintiffs are continuing to follow up on issues with respect to defendants' production of materials produced in the underlying MDL, Case No. 05-MD-1720. Among the materials opt-out plaintiffs have been requesting but have not yet received from defendants are:

(1) **Third party materials**. This includes (a) documents subpoenaed from and produced by third parties (including prior bank defendants) in 05-MDL-1720, a list of which is attached hereto as Exhibit A, and (b) transcripts of depositions taken of third parties (including prior bank defendants) as part of 05-MDL-1720 and in the legacy cases, including exhibits.

(2) **Correspondence/agreements regarding discovery**. This includes any agreements or understandings between the parties in 05-MDL-1720 regarding limitations or modifications on the scope of discovery.

(3) **Privilege logs.** This includes any privilege logs produced by defendants in 05-MDL-1720 or the legacy cases.

(4) **Databases, or database information**. Defendants have given plaintiffs a limited explanation about the databases that were previously provided as part of 05-MDL-1720, and have agreed to provide further information to explain what datais available from these databases, including, for instance, what fields they show, what time periods they cover, how/whether they can be shared, etc., and have agreed to identify or provide some sample reports that were generated from the databases and produced as part of the production.

  (5) **Search terms**. This includes a request for the search terms used by defendants to the extent those were agreed upon with the class or individual plaintiffs.

Defendants have agreed to provide the materials identified in (1) to (5), and began that production on November 10, 2014. Given defendants' initial production and agreement to produce the remainder of these materials promptly, plaintiffs do not believe a status conference is necessary at this time.

 **B. Defendants' position**

  The defendants have been engaged in discussions with opt-out plaintiffs regarding the production of previously-produced materials described above. The defendants have no objections to producing the materials identified in (1) to (5) above to the extent that those materials are in their possession, and are preparing those materials for production. The defendants expect to begin rolling out production to opt-out plaintiffs in advance of the November status conference. The defendants agree that there is no need for a status conference on these issues at this time.

**IV.**  *Salveson* **case**

  The parties in the *Salveson* matter discussed a proposed case schedule, but no final agreement could be reached.

  **A.**  **Defendants' position**

  Defendants' proposed schedule, which generally tracks the opt-out cases, is set forth in Exhibit A. During meet and confer efforts, plaintiffs orally agreed to this proposed schedule, except that plaintiffs insisted that the parties also agree on a trial date. Since meeting and conferring, plaintiffs appear to have changed their minds about the agreed-upon schedule, and now propose a timeline that differs markedly from what was discussed. Defendants believe that

because the *Salveson* matter is substantially similar to the merchant actions, this case should proceed roughly along the same schedule as those cases.

Defendants' proposed schedule provides that within 60 days of any order denying the motion to dismiss, they will produce copies of certain documents previously produced or filed in MDL No. 1720, as long as appropriate confidentiality issues are resolved by that time. Despite previously agreeing, Plaintiffs now seek production of these materials, along with many others categories of documents, within 30 days of any denial of the motion to dismiss. Plaintiffs' proposed schedule also goes far beyond the reasonable scope and content of a case schedule. For example, plaintiffs' proposed schedule seeks the production of a broad variety of documents within 30 days after "resolution of the motion to dismiss," despite the fact that discovery is stayed and no discovery requests have been served. Further, Plaintiffs' schedule purports to require that defendants depose lead plaintiff Melvin Salveson "promptly"—presumably while the discovery stay is in place—or waive the right to take his deposition. Plaintiffs' schedule also seeks to set a deadline for the depositions of the "Chairman and CEO of JPMorgan Chase, Bank of America, Capital One, and HSBC." None of these issues is appropriate for resolution at this time, much less via the submission of a case schedule. Defendants also believe that a trial date is premature at this phase of the case, and note that the merchant opt-out schedule that this Court recently ordered did not specify such a date.

**B.      Plaintiffs' position**

Per Magistrate Judge Orenstein's September 23, 2014 Order, the *Salveson* plaintiffs in meet and confer conferences with defendants proposed the following schedule of focused discovery from defendants, and discovery cut-off, pre-trial and trial dates:

Plaintiffs object to and disagree with defendants' statement "that discovery should proceed according to the timeline set forth in defendants' proposal" (Ex. A).

Plaintiffs urge that a trial date is an essential part of a case schedule as provided in Fed. Rule Civ. Proc. Rule 16(b)(3)(v). Plaintiffs believe that the Court should set a trial date and work back to the other dates, and Plaintiffs proposed the following schedule:

a. Within 30 Days after resolution of the motion to dismiss: Defendants' Production of the targeted documents previously discussed between the parties.

b. Within 30 Days after resolution of the motion to dismiss.
Service of Interrogatories, Requests for Admissions and other written discovery.

c. Within 90 Days after resolution of the motion to dismiss.
Depositions of the Chairman and CEO of JP Morgan Chase, Bank of America, Capital One and HSBC together with their executive summaries or reports regarding Interchange Fees from 2000 to the present.

d. First Monday of Seventh (7th) month after resolution of the motion to dismiss: Close of fact discovery.

e. First Monday of Eighth (8th) month after resolution of the motion to dismiss: Exchange of Experts.
First Monday of the Ninth (9th) month after resolution of the motion to dismiss: Depositions of Experts.
First Monday of the (10th) Tenth month after resolution of the motion to dismiss: Close of Expert discovery.

f. First Monday of Eleventh (11th) month after resolution of the motion to dismiss: Pre-Trial Including Witness Lists, Document Lists, Motions in Limine etc.

g. One Year from the resolution of the motion to dismiss: Commence Trial.

Note: Lead Plaintiff Melvin Salveson is 94 years old. If Defendants plan to take his deposition, Plaintiffs believe Defendants should do it promptly; otherwise, we will deem it waived.

VORYS, SATER, SEYMOUR AND PEASE LLP

/s Kimberly Weber Herlihy
Michael J. Canter
Robert N. Webner
Kimberly Weber Herlihy
Kenneth J. Rubin
52 E. Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Telephone: (614) 464-6400

*Attorneys for the Target Plaintiffs*

*Submitted on behalf of All Parties*